UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BASHIR ALI K., | Case No. 26-cv-276 (LMP/DTS) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| KRISTI NOEM, *Secretary, U.S. Department of Homeland Security, in her official capacity*; PAMELA BONDI, *Attorney General of the United States, in her official capacity*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement, in his official capacity*; PETER BERG, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*; and ERIC TOLLEFSON, *Kandiyohi County Sheriff, in his official capacity*, | |
| Respondents. | |

---

John Ogden Arnold, **Robichaud, Schroepfer & Correia, P.A., Golden Valley, MN**, for Petitioner.

Ana H. Voss, **United States Attorney's Office, Minneapolis, MN**, and Jesus Cruz Rodriguez, **United States Attorney's Office, Lawton, OK**, for Respondents.[1]

      In 2004, Petitioner Bashir Ali K. was ordered removed from the United States but was granted withholding of removal from his native country of Somalia.  ECF No. 1 at 3.

---

[1] When used in this Order, "Respondents" or the "Government" refers to the federal officials named as Respondents.  Respondent Eric Tollefson, the Kandiyohi County Sheriff, has not participated in these proceedings.

Because the Government could not effectuate his removal to another country, Bashir Ali K. was released into the community on an Order of Supervision. *Id.* at 5–6. On January 11, 2026, Bashir Ali K. was arrested by immigration officials, and he remains in the custody of Immigration and Customs Enforcement. *Id.* at 3. Bashir Ali K. accordingly petitioned for a writ of habeas corpus, alleging that his detention violated federal regulations governing revocation of an Order of Supervision. *Id.* at 10–12. The Court ordered the Government to answer the petition no later than January 21, 2026. ECF No. 3. The Government timely responded.[2] ECF No. 9.

The Government's response focuses primarily on Bashir Ali K.'s due process claim, arguing that his claim is premature because he has not been detained for at least six months. ECF No. 9 at 7–10; *see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that a six-month period of detention is a "presumptively reasonable" post-removal period of detention). The problem for the Government is that Bashir Ali Z. is *not* bringing a *Zadvydas* challenge to prolonged detention; rather, he alleges that the Government violated federal regulations when revoking his Order of Supervision, and that such illegal detention violates his due process rights. *See* ECF No. 1 at 10–12. Specifically, Bashir Ali K. challenges the Government's failure to provide an individualized justification when revoking his Order of Supervision along with its failure to sufficiently demonstrate

---

[2]   In the late afternoon of January 21, the Government moved for an extension of time to answer the petition. ECF No. 5. Bashir Ali K. opposed the Government's motion for an extension of time. ECF No. 8. However, the Government ended up filing a response to the petition before the filing deadline, ECF No. 9, so the Court denies the Government's motion for an extension of time as moot.

changed circumstances that render his removal significantly likely in the reasonably foreseeable future. *Id.* at 10.

In any event, the Court need not address Bashir Ali K.'s constitutional claim because it agrees with him on his regulatory claim. ECF No. 1 at 10; *see United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998). The Government argues that even if Bashir Ali K. succeeds on his regulatory claim, release from custody is not an appropriate remedy. ECF No. 9 at 11. This Court has previously decided otherwise, *see Roble v. Bondi*, No. 25-cv-3196 (LMP/LIB), 2025 WL 2443453, at *5 (D. Minn. Aug. 25, 2025), and this Court adheres to that decision. And in that decision, the Court explained that when revoking a noncitizen's Order of Supervision under 8 C.F.R. § 241.13(i)(2), it is the Government's burden to demonstrate changed circumstances that make removal significantly likely in the reasonably foreseeable future. *Id.* at *4. The Government has not submitted any evidence relevant to the likelihood of Bashir Ali K.'s removal in the reasonably foreseeable future. While the Government generically suggests that ICE is working "to facilitate [Bashir Ali K.'s] removal," ECF No. 9 at 10, it offers no details as to what type of travel documents it is working to obtain, the intended country of removal, the timeline of removal, or the likelihood of success as to any removal. This is simply not enough. The Government, therefore, has failed to meet its burden, so Bashir Ali K. is entitled to habeas relief. *See Roble*, 2025 WL 2443453, at *5.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. The Government's Motion for an Extension of Time (ECF No. 5) is **DENIED** as moot;

2. Bashir Ali K.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

3. The Government is **ORDERED** to release Bashir Ali K. from custody by no later than 5:00 p.m. CST on January 23, 2026, subject to and in accordance with the conditions in his preexisting Order of Supervision; and

4. No later than 10:00 a.m. CST on January 26, 2026, the Government is **ORDERED** to provide a status update affirming that Bashir Ali K. was released from custody in accordance with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 22, 2026        *s/Laura M. Provinzino*
                               Laura M. Provinzino
                               United States District Judge